IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Republic Technologies (NA), LLC and Sream, Inc. <br><br> Plaintiffs, <br><br> v. <br><br> 14th Avenue Corporation d/b/a Bilo Smoke and Abu Shamat Nawzat, <br><br> Defendants. <br> 14th Avenue Corporation d/b/a Bilo Smoke and Abu Shamat Nawzat <br><br> Counterplaintiffs, <br><br> v. <br><br> Republic Technologies (NA), LLC and Sream, Inc. <br><br> Counterdefendants. | Case No. 1:20-cv-00514 |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

14th Avenue Corporation and Abu Shamat Nawzat answer the Complaint, assert their affirmative defenses, and assert their Counterclaims:

### ANSWER

### Jurisdictional Allegations

1. Defendants admit this is a civil action as described but deny any wrongdoing.

2. Defendants admit the Court has subject matter jurisdiction, but deny any wrongdoing.

3. Defendants deny 14th Avenue Corporation is incorporated in Illinois, denies it has a principal place of business in Illinois, and that it regularly conducts business in Illinois. Defendants admit Nawzat resides in Illinois. Defendants deny all other allegations of this paragraph.

1

## Venue

4.  Defendants admit Nawzat resides in this District. They deny 14th Avenue Corporation exists any longer, and therefore resides nowhere. Defendants deny any wrongdoing giving rise to the claim and all other allegations.

## Parties

5.  Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

6.  Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

7.  Defendants deny 14th Avenue Corporation is incorporated in Illinois, denies it has a principal place of business at any location, including the listed location, and deny that it has engaged in the offer for sale of counterfeit RooR branded water pipes and related parts, but admit the other allegations of this paragraph.

8.  Defendants deny the allegations of this paragraph.

## Facts Common to All Counts

9.  Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

10. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

11. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

12. (and all subparts) Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

13. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

14. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

15. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

16. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

17. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

18. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

19. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

20. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

21. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

22. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

23. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

### Defendants' Counterfeiting and Infringing Activities

24. Defendants deny the allegations of this paragraph.

25. Defendants deny the allegations of this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants deny the allegations of this paragraph.

32. Defendants deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph and specifically note that only one allegedly infringing act was pleaded and 14th Avenue Corporation does not exist.

37. Defendants deny the allegations of this paragraph and specifically note that only one allegedly infringing act was pleaded and 14th Avenue Corporation does not exist.

38. Defendants deny the allegations of this paragraph.

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph.

43. Defendants deny the allegations of this paragraph and, in particular, deny any intimation they were ever contacted for informal resolution of this dispute leading to the supposed "forced" retainer

of counsel. Defendants further deny, upon information and belief, the "Defendants are responsible for paying its reasonable costs of the action." Defendants further deny the possibly meant-to-be-plead allegation that Plaintiffs are responsible for paying for counsel based upon Exhibits to the Complaint showing likely contingency fee arrangements.

44. Defendants deny the allegations of this paragraph and specifically note that only one allegedly infringing act was pleaded and 14th Avenue Corporation does not exist.

45. Defendants deny the allegations of this paragraph and specifically note that only one allegedly infringing act was pleaded and 14th Avenue Corporation does not exist.

## Count I

46. Defendants restate all foregoing allegations as if set forth here.

47. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

48. Upon information and belief, Defendants deny the allegations of this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants deny the allegations of this paragraph.

51. Defendants deny the allegations of this paragraph.

52. Defendants deny the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

54. Defendants deny the allegations of this paragraph.

55. Defendants deny the allegations of this paragraph.

56. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

57. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

58. Defendants deny the allegations of this paragraph.

59. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

## Count II

60. Defendants restate all foregoing allegations as if set forth here.

61. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

62. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

63. Defendants deny the allegations of this paragraph.

64. Defendants deny the allegations of this paragraph.

65. Defendants deny the allegations of this paragraph.

66. Defendants deny the allegations of this paragraph.

67. Defendants deny the allegations of this paragraph.

68. Defendants deny the allegations of this paragraph.

69. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

71. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

## Count III

72. Defendants restate all foregoing allegations as if set forth here.

73. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

74. Defendants are without sufficient information to admit or deny the allegations of this paragraph and, as a result, must deny them.

75. Defendants deny the allegations of this paragraph.

76. Defendants deny the allegations of this paragraph.

77. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

78. Defendants deny the allegations of this paragraph.

79. Defendants deny the allegations of this paragraph.

80. Defendants deny the allegations of this paragraph.

81. Defendants deny the allegations of this paragraph.

82. Defendants deny the allegations of this paragraph and specifically note that only one allegedly infringing act was pleaded.

83. The allegations of this paragraph are a legal conclusion to which no response is required. If a response is necessary, Defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### Facts Common to All Affirmative Defenses

1. Plaintiffs and their predecessor, RooR International BV, are serial litigants.

2. Republic Technologies (NA), LLC bought the marks in question from RooR International BV.

3. But before doing so, RooR International BV's owner and predecessor in interest to the marks entered into an agreement with Sream, Inc.

4. Upon information and belief, Sream, Inc. is only a private label manufacturer of RooR branded products.

5. The "Trademark License Agreement" (Doc. 1-3) states that "[a]fter the expiration of the Initial Term and at all times during the Renewal Term … [Sream, Inc.] shall only hae the right to manufacture and sell the Products to Licensor [Martin Birzle]." (Doc. 1-3, p. 2)

6. The Initial Term lasted for three years and expired on the August 1, 2013. (Doc. 1-3, p. 8)

7. When the sole-sale alleged occurred, Sream, Inc. could sell only to Mr. Birzle.

8. Upon information and belief, Plaintiffs and their predecessors filed hundreds of lawsuits with boilerplate complaints not to protect their rights or prevent consumer confusion, but to create an alternative revenue stream.

9. Their license and assignment agreements presuppose litigation campaigns based on contingency fee arrangements with counsel.

10. The statute of limitations for these claims is three-years in Illinois.

11. Upon information and belief, Plaintiffs purposefully wait until just before the statute of limitations runs out on their claim to prevent defendants from being capable from mounting a defense.

12. In Northern District of Illinois case *Republic Technologies NA LLC et al. v. Malavia*, case number 1:19-cv-07995, the complaint was filed on December 6, 2019 for a supposed sale occurring on December 6, 2016, the day the statute of limitations ran. (Docs. 1, 1-5)

13. In Northern District of Illinois case *Republic Technologies NA LLC et al. v. Mohammed*, case number 20-cv-00460, the complaint was filed on January 21, 2020 for a supposed sale occurring on January 21, 2017, the day the statute of limitations ran. (Docs. 1, 1-5)

14. In Northern District of Illinois case *Republic Technologies NA LLC et al. v. Pulaski 119 Inc.*, case number 20-cv-00916, the complaint was filed on February 7, 2020 for a supposed sale occurring on February 7, 2017, a few days before the statute of limitations ran. (Docs. 1, 1-5)

15. In Central District of Illinois case *Roor Int'l BV et al. v. Tobacco House, et al.*, case number 1:19-cv-01280-CSB-EIL, the complaint was filed on August 19, 2019 for a supposed sale occurring August 17, 2016 – 2 days before the statute of limitation ran. (Docs. 1, 1-5)

16. In Central District of Illinois case *Roor Int'l BV et al. v. Haze Tobacco, et al.*, case number 1:19-cv-01270-CSB-EIL, the complaint was filed on August 19, 2019 for a supposed sale occurring August 17, 2016 – 2 days before the statute of limitation ran. (Docs. 1, 1-5)

17. In Central District of Illinois case *Republic Technologies NA LLC et al. v. Discount Tobacco Expo, Inc.*, case number 2:19-cv-02324-CSB-EIL, the complaint was filed on November 26, 2019 for a supposed sale occurring on December 3, 2016, just over a week before the statute of limitations ran. (Docs. 1, 1-5)

18. In Central District of Illinois case *Republic Technologies NA LLC et al. v. Island Tobacco and Vape, Inc.*, case number 2:19-cv-02322-CSB-EIL, the complaint was filed on November 26, 2019 for a supposed sale occurring on December 1, 2016, just over a week before the statute of limitations ran. (Docs. 1, 1-5)

19. In Central District of Illinois case *Republic Technologies NA LLC et al. v. The Smoke Shack et al.*, case number 2:19-cv-2327-CSB-EIL, the complaint was filed on December 5, 2019 (Doc. 1) for a supposed sale occurring on December 4, 2016, after the statute of limitations ran. (Doc. 3-5)

20. In Central District of Illinois case *Republic Technologies NA LLC et al. v. Excessive Colors, Inc.*, case number 2:19-cv-01394-CSB-EIL, the complaint was filed on December 6, 2019 for a supposed sale occurring on December 7, 2016, just a day before the statute of limitations ran. (Docs. 1, 1-5)

21. In Northern District of Illinois case *Roor International BV*, case number 1:19-cv-05029, the complaint was filed on July 25, 2019 for a supposed sale occurring on July 21, 2016, after the statute of limitations ran. (Docs. 1, 1-5)

22. This pattern repeats in other cases in the Northern District of Illinois and Southern District of Indiana.

23. The plaintiffs repeatedly fail to pay filing fees for these cases until the Court enters show cause orders.

24. Upon information and belief, the more time that passes, the less likely putative defendants are to have exculpating evidence or be able to assert third-party claims.

25. Plaintiffs never contacted Defendants about the sale or offering of purportedly counterfeit water pipes.

26. This case was filed just as the statute of limitations would run.

27. In fact, the filing fee for this case was not paid until after the statute of limitations had run.

**First Affirmative Defense**
**Failure to State a Claim**

28. The facts alleged in Facts Common to All Affirmative Defenses are reasserted as if set forth here.

29. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**Statute of Limitations**

30. The facts alleged in Facts Common to All Affirmative Defenses are reasserted as if set forth here.

31. While Plaintiffs filed this suit just under the statute of limitations for the purported sale, the supposedly infringing or counterfeit product was offered for sale at least two days prior.

32. The offer of sale and sale to an investigator should be treated as a single tort with the first date of offer as the effective date for statute of limitations purposes.

33. Claims are thus barred by the statute of limitations.

### Third Affirmative Defense
### Laches

34. The facts alleged in Facts Common to All Affirmative Defenses are reasserted as if set forth here.

35. Plaintiffs have waited so long to file these claims that Defendants are now unable to gather facts and evidence to fully defend themselves as well as if the claims were brought in a more timely fashion.

36. The claims are barred by the doctrine of laches.

### Fourth Affirmative Defense
### Unclean Hands

37. The facts alleged in Facts Common to All Affirmative Defenses are reasserted as if set forth here.

38. Upon information and belief, the asserted marks were secured to protect illegal products.

39. Upon information and belief, registrations for the marks were secured and maintained by misleading the United States Patent and Trademark Office.

40. Upon information and belief, the litigation campaign is meant to extract settlements from defendants who – because of the passage of time – cannot defend themselves.

41. The claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense
### Failure to Mitigate Damages

42. The facts alleged in Facts Common to All Affirmative Defenses are reasserted as if set forth here.

43. Despite nearly three years to do so, Plaintiffs did nothing to mitigate their alleged damages.

44. The claims are barred by the failure to mitigate damages.

**Sixth Affirmative Defense**
**Reservations**

45. Defendants reserve the right to assert further affirmative defenses as may be allowed by the Rules of Civil Procedure.

WHEREFORE, Defendants ask this Court to enter judgment in their favor, against the Defendants, find this case is an exceptional case under the Lanham Act, award Defendants their reasonable attorneys' fees and costs, and any other relief the Court deems appropriate.

## **COUNTERCLAIMS**

The Counterplaintiffs, 14th Avenue Corporation and Abu Shamat Nawzat complain of the Counterdefendants Republic Technologies (NA), LLC and Sream, Inc. as follows

**Introduction, jurisdictional claims, venue, and parties**

1. These counterclaims seek cancellation of the trademarks asserted and for a declaratory judgment of non-infringement, non-counterfeiting, and no false designation of origin.

2. This Court has subject matter jurisdiction under 18 U.S.C. §§ 1331, 1338(a), 1338(b), 15 U.S.C. § 1121, and 28 U.S.C. § 2201. This case arises under the laws of the United States and concerns an actual and justiciable controversy between the parties about the trademark rights Counterdefendants assert and whether these registrations are invalid, unenforceable, or should be cancelled.

3. Abut Shamat Nawzat resides in this District.

4. 14th Avenue Corporation is a former Illinois corporation that formerly did business in this District.

5. Sream, Inc. ("Sream") is a California corporation that claims to possess the right to use and enforce Roor trademarks in the United States, including this District.

6. Scream sued Counterplaintiffs in this District.

7. Republic Technologies (NA), LLC ("Republic") is a Delaware corporation with a principal place of business in Glenview, Illinois that claims to possess the right to use and enforce Roor trademarks in the United States, including this District.

8. Republic sued Counterplaintiffs in this District.

9. The Court has personal jurisdiction as they transact and solicit business in this District and also availed themselves of the jurisdiction of this Court by repeatedly suing in this District.

10. Based on the allegations of the Complaint, there is a definite, concrete, real, and substantial dispute between the parties for which Counterplaintiffs seek a specific decree and declaration as to its rights and remedies and to the enforceability of the asserted trademarks.

11. Granting the relief in its counterclaim will render this an "exceptional case" for which it should be awarded its reasonable attorneys' fees under 15 U.S.C. § 1117(a).

**Facts common to all counts**

12. Republic is listed as the current owner of USPTO Registration No. 3675839 for a mark containing a stylization of the word RooR in International Class 34 for "smoker's articles, namely glass pipes, bongs, water pipes, water pipes of glass."

13. Republic is listed as the current owner of USPTO Registration No. 2307176 for a mark containing a stylization of the word RooR in International Class 25 for "clothing, namely, shirts, pants, jackets, sweaters, socks, hats, caps and footwear" and International Class 34 for "smoker's articles, namely cigarettes, cigars, tobacco, pouches, humidors, tobacco spittoons, chewing tobacco, smoking tobacco and matches."

14. Republic is listed as the current owner of USPTO Registration No. 2235638 in International Class 21 for glass bowls; glass boxes; glass casters; glass beverageware and bowls; glass rods; stoppers, and glass tubes not for scientific purposes.

15. The marks are collectively called the "Roor Marks" and the goods they cover (excepting those in International Class 25) are called the "RooR Bongs."

16. These registrations rely on foreign registrations under § 44(e) of the Lanham Act.

17. Registrations for the RooR Marks are the basis for the claims asserted by the Counterdefendants.

18. Martin Birzle, a citizen of Germany, was the original applicant and owner of the Roor Marks.

19. According to the World Intellectual Property Brand Database, Mr. Birzle remains the owner of analogous, visually identical, RooR marks in Austria, Benelux, Switzerland, Australia, and several other countries.

20. Upon information and belief, these foreign registrations also cover RooR Bongs.

**Count I**
**Declaratory Judgment for Invalidity, Unenforceability, and Cancellation of the RooR Marks**

21. Counterplaintiffs reassert the above paragraphs of the Counterclaims as if fully set forth here.

22. The Lanham Act requires lawful use in commerce for registration of a mark.

23. If a registrant's mark is not lawful, it has no right to registration, cannot be asserted as the basis to enforce rights, and is subject to cancellation.

24. Upon information and belief, Mr. Birzle knew his filings with the USPTO to secure and maintain registration of the RooR Marks for the RooR Bongs were meant to cover goods primarily intended for designed for use in ingesting, inhaling, or otherwise introducing marijuana into the human body.

25. Mr. Birzle knew his application for registrations were for "drug paraphernalia" under § 863(d) of the Controlled Substances Act. 21 U.S.C. § 863(d).

26. The Controlled Substances Act lists "glass pipes," "water pipes," and "bongs" as unlawful. 21 U.S.C. § 863(d)(1), (2), and (12).

27. Mr. Birzle entered RooR bongs into *High Times* magazines "Cannabis Cup."

14

28. Mr. Birzle won "Best Glass" Cannabis Cup awards eight times – 2005, 2008, 2009, 2010, 2011, 2012, 2013, and 2014 – for items such as the "Opal Smooth," "Mr. Nice Custom," "Excalibur," "Ghost," "Ray Machine 1," Bill Drill," "Tiny Sister," "Ray Pack," and "Subliminator" bongs. *See Past Winners - Cannabis Cup – Amsterdam,* High Times (last accessed February 17, 2020), available at https://www.cannabiscup.com/past-events/past-winners-amsterdam/; *see also* Everyone DoesIt, *Roor Bongs & Vaporizaers at Everyone Does It*, Youtube.com (last accessed February 17, 2020), *available at* https://www.youtube.com/watch?v=Ap18IvLLUB0 (a 2011 video where Mr. Birzle shows a bong with a tag reading "Cannabis.")

29. The RooR Marks for the RooR Bongs are invalid and unenforceable because Mr. Birzle intended his applications for registration at the USPTO to cover items used, designed, and intended by he and the Counterdefendants to ingest, inhale, or introduce marijuana into the body,.

30. Upon information and belief, cigars and cigarettes have never been offered under the RooR Marks in the United States.

31. With no lawful use in the United States, the RooR Marks are abandoned.

32. Upon information and belief, the registrations for the RooR Marks asserted against Counterplaintiffs were obtained and maintained by intentionally deceiving the USPTO.

33. Mr. Birzle falsely alleged the marks were lawfully used in commerce at the time of the applications.

34. In Trademark Trial and Appeal Board Opposition No. 91218851, Mr. Birzle opposed the registration of RooR by a third party.

35. Upon information and belief, Mr. Birzle purposefully concealed his covered goods by omitting the word "bongs" in his Notice of Opposition for those proceedings – replacing it with ellipses.

36. Thus, Mr. Birzle purposefully concealed the RooR Bongs from the USPTO when securing USPTO Registration No. 3675839.

37. When submitting a Combined Declaration of Use and Incontestability to maintain registration of one of the RooR Marks, Registration No. 3675839, on January 28, 2015 the products were not displayed.

38. Instead, the specimen of use for that Combined Declaration of Use and Incontestability concealed the products a box and bubble wrap.

39. Because the registrations were secured and maintained through deception on the USPTO, they are invalid and unenforceable.

40. Upon information and belief, based on the Trademark License Agreement attached to the Complaint, Sream manufactures the RooR Bongs.

41. But the Counterdefendants pass of goods manufactured by Sream as goods from Germany.

42. This Court has the authority to order the cancellation of any registration. 15 U.S.C. § 1119.

43. This Court should cancel the RooR Mark registrations under 15 U.S.C. § 1064 for illegality, unlawful use in commerce, abandonment, fraud on the Trademark Office, as well misrepresentation of good and services.

## Count II
## Declaratory Judgment of Non-Infringement and Non-Counterfeiting

44. Counterplaintiffs reassert the above paragraphs of the Counterclaims as if fully set forth here.

45. Without enforceable registrations, the infringment and counterfeiting claims have no basis in law.

WHEREFORE, Counterplaintiffs request this Court:

A. Enter judgment in their favor and against Counterdefendants on all counts;

B. Make a declaration and order declaring the RooR Marks are invalid and unenforceable;

C. Make a declaration and order cancelling registration of the Roor Marks and directing the Director of the United States Patent and Trademark Office to

<15>

D.   Declare the Counterplaintiffs have infringed no rights of the Counterplaintiffs and not sold any counterfeit goods;

E.   Find this is an exceptional case under the Lanham Act;

F.   Award Counterplaintiffs their reasonable attorneys' fees and costs incurred with this action; and

G.   Any other relief the Court deems appropriate.

**DEFENDANTS / COUNTERPLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
14TH AVENUE CORPORATION and ABU SHAMAT NAWZAT, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips (6302752)
Attorney at Law
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
Tel:   (309) 643-9016
Email: jon@jlaplaw.com

**Certificate of Service**

Undersigned certifies and states that on March 26, 2020, he filed the foregoing document using the Court's CM/ECF system which served each of them at their addresses last disclosed on the pleadings.

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Attorney at Law

17